IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. HUMPHRIES, | ) | |
| Plaintiff, | ) | Civil Action No. 10 - 1514 |
| | ) | |
| v. | ) | District Judge Joy Flowers Conti |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MARY M. HOUGHTON; et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### II.     REPORT

Plaintiff is a prisoner currently incarcerated at the Allegheny County Jail located in Pittsburgh, Pennsylvania. He brings this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the various individuals and their respective agencies who were involved in arresting him and filing criminal charges against him. For the reasons that follow, Plaintiff's Complaint must be dismissed.

#### A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of

prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Several of the Defendants are officers or employees of governmental entities. In addition, Plaintiff has been granted leave to proceed *in forma pauperis* (doc. no. 3). Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

---

1. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

2. *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore,

continue...

Pursuant to Fed. R. Civ. Proc. 12(b)(6), the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and

_____

2...continue

 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

conclusory statements are insufficient to state a claim under § 1983." ' <u>Coronado v. Goord</u>, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987)). It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

### B. Statute of Limitations

Plaintiff's claims are subject to dismissal because they were filed outside the applicable statute of limitations for civil rights actions. In this regard, Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law. <u>Wilson v. Garcia</u>, 471 U.S. 261, 267 (1985). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. *See id*. The Court of Appeals for the Third Circuit has declared that, for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. <u>Fitzgerald v. Larson</u>, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa. Const. Stat. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed between the time the cause of action accrues and the limitation period runs out. *See* <u>Sprint Communications Co., L.P. v. F.C.C.</u>, 76 F.3d 1221, 1226 (D.C. Cir. 1996).

The date for accrual of a Section 1983 claim (when it begins to run) is a matter of federal law. <u>Albright v. Oliver</u>, 510 U.S. 266, 815 n.6 (1994). A claim accrues when the plaintiff knew or had reason to know of the injury. <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 (3d Cir. 1998), *citing*

Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). The date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period. Montgomery 159 F.3d at 126 (date of arrest triggers limitation period for false arrest claim).

In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, the court deems the complaint to have been filed on the date he executed his Complaint, *i.e.*, November 8, 2010. *See* Cromwell v. Keane, 27 Fed. App'x 13, 14 (2d Cir. 2001); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000) (collecting cases).

Here, Plaintiff alleges that the alleged constitutional violations occurred between September 20, 2006 and April 15, 2008, the date the federal criminal complaint was filed against him. Moreover, he avers that his various state charges were dismissed on December 20, 2006 and April 9, 2008 respectively. Plaintiff knew or should have known on those dates the "fact of injury and its causal connection to the defendant[s]." Montgomery, 159 F.3d at 126 Because he did not file his complaint in this action until November 8, 2010, over two years after his causes of action accrued, all causes of action against any of the Defendants based on actions that pre-date November 8, 2008 are time barred.

### C. Liability under 42 U.S.C. § 1983

In his Complaint, Plaintiff also makes claims related to his federal criminal charges. Resolution of these claims is dictated by the teachings of the United States Supreme Court as stated in Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion. In Preiser, the plaintiffs were state prisoners who were deprived of good-time credits as a

result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in Preiser, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254. Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.*, 411 U.S. at 500.

Over two decades later, the Supreme Court again examined the relationship between the federal civil rights law and habeas corpus actions in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of

a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.</u> But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

In order to succeed on his claim, this Court necessarily must conclude that Plaintiff's 1993 criminal conviction was unlawful because it was based on perjured testimony and false evidence. To the extent that he still is serving any portion of that sentence and is seeking immediate release from prison because of Defendants' actions, he is precluded from seeking such relief through a civil rights complaint because, under <u>Preiser</u>, a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in <u>Heck</u> because a judgment in his favor necessarily would implicate the validity of his 1985 conviction. As such, Plaintiff's section 1983 claim is not cognizable. <u>Heck</u>, 512 U.S. at 486 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). *See also* <u>Mitchell v. Department of Corrections</u>, 272 F.Supp.2d 464, 473 (M.

D. Pa. 2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).

Here, Plaintiff has not demonstrated that he successfully has challenged his federal conviction. Accordingly, he cannot pursue his claim that Defendants violated his constitutional rights by conspiring to present perjured testimony and/or false evidence with respect to his federal charges until he can show that his conviction is legally invalidated on constitutional grounds through a writ of habeas corpus or other available means. *Accord* Randell v. Johnson, 227 F.3d 300, 301 (5ᵗʰ Cir. 2000) (affirming dismissal of complaint for failure to state a claim of former inmate seeking damages pursuant to § 1983 for unconstitutional imprisonment because he had not satisfied the favorable termination requirement of Heck), *cert. denied*, 532 U.S. 971 (2001).

### D. Prosecuting Attorney Defendants

Plaintiff also seeks recovery against Mary Houghton, an Assistant United States Attorney involved in his federal charges, Mark Lope, Acting District Attorney for the County of Butler and Marie Veon, the District Attorney of the County of Venango. Like judges, certain other specified officials, such as administrative law judges, and federal and state prosecutors, enjoy absolute immunity in the performance of functions that are "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). This immunity shields not only these decision makers, but also other individuals who perform discretionary tasks that play an integral part in the decision making process. *Id.* Thus, where the official's responsibilities are closely analogous to the adjudicative functions of a judge, or are intimately associated with the judicial process itself, that

official may enjoy absolute immunity from suit for actions taken to fulfill those particular responsibilities. Buckley v. Fitzsimmons, 509 U.S. at 271.

Prosecutors are subject to varying levels of official immunity. It is well established that a state prosecuting attorney is absolutely immune from liability for his or her actions that are related to the initiation and prosecution of a criminal action. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). *See also* Burns v. Reed, 500 U.S. 478 (1991). Such absolute immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." Imbler, 424 U.S. at 431 n.33. A prosecutor acting in an investigative or administrative capacity, however, is protected only by qualified immunity. Imbler, 424 U.S. at 430-31.

None of Plaintiff's allegations can support liability against any Attorney Defendant. The only actions alleged to have been taken by such Defendants were taken within the scope of their duties in initiating and pursuing criminal prosecutions such that they would enjoy absolute immunity therefor. Moreover, Plaintiff's claim that the Attorneys engaged in a conspiracy to deprive him of his constitutional rights does not strip away their absolute immunity. *See* McArdle v. Tronetti, 961 F.2d 1083, 1085-86 (3d Cir. 1992); Rose v. Bartle, 871 F.2d at 347 (engaging in a conspiracy to maliciously prosecute does not affect prosecutor's absolute immunity from liability for the damages resulting from the malicious prosecution). Accordingly, these Defendants are entitled to absolute immunity in this action. *See* Reitz v. County of Bucks, 125 F.3d 139, 146 (3d Cir. 1997) (individual prosecutors were entitled to absolute immunity for their actions in prosecuting drug trafficking); Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 495 (3d Cir. 1997) (child welfare

department caseworkers were entitled to absolute immunity for their actions on behalf of state in preparing for, initiating, and prosecuting dependency proceedings), *cert. denied*, ___ U.S. ___, 118 S. Ct. 139 (1997).

### E. Doctrine of Claim Preclusion

Finally, many of Plaintiff's claims are precluded under the doctrine of *res judicata* or claim preclusion. In this regard, courts require "that a plaintiff present in one suit all the claims for relief that he may have arising out of he same transaction or occurrence." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). A plaintiff is barred from raising additional claims in a subsequent action under the doctrine of "claim preclusion" (or *res judicata*). Huck v. Dawson, 106 F.3d 45, 48 (3d Cir. 1997) ("it is well established that res judicata precludes a party both from relitigating matters already litigated and decided and from litigating matters that have never been litigated, yet should have been advanced in an earlier suit"). *Res judicata* is designed to avoid piecemeal litigation of claims arising from the same events. General Elec. Co. v. Deutz AG, 270 F.3d 144, 158 and n.5 (3d Cir. 2001).

Federal law of claim preclusion requires the following conditions.

      1.      a final judgment on the merits in a prior suit;

      2.      the same parties or their privies; and

      3.      a subsequent suit based on the same cause of action.

Lubrizol Corp., 929 F.2d at 963.

Plaintiff's prior civil rights action at Humphries v. Venango County District Attorneys Office, *et al.*, Civil No. 08-335 Erie, involved some of the same defendants, some of the same allegations and resulted in a final judgment on the merits by virtue of the District Court Order dated November

10, 2009. Thus, Plaintiff is precluded from raising any claims he raised, or could have raised, in his earlier action under the doctrine of *res judicata*.

### III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated December 20, 2010

Lisa Pupo Lenihan
United States Magistrate Judge

cc:     JOHN M. HUMPHRIES
        #40729
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219